**Howard COCHRAN, Plaintiff–Appellant,**

v.

**Sudha RAO, Defendant–Appellee.**

**No. 13–15667.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2014.*

Filed June 18, 2014.

Howard Cochran, Tucson, AZ, pro se.

Sherle Flaggman, Esquire, Senior Counsel, Phoenix, AZ, for Defendant–Appellee.

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner Howard Cochran appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs in the treatment of pain in his hand. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Szajer v. City of Los Angeles,* 632 F.3d 607, 610 (9th Cir.2011). We affirm.

The district court properly granted summary judgment because Cochran failed to raise a genuine dispute of material fact as to whether defendant Rao knew of or disregarded an excessive risk of serious harm in denying, on a single occasion, Cochran's request for pain medication, or whether her chosen course of treatment was medically unacceptable under the circumstances. *See Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir.2006) (setting forth standard for deliberate indifference to serious medical needs, and explaining that negligence and isolated events do not constitute deliberate indifference); *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (to establish that a difference of opinion amounted to deliberate indifference, a prisoner must show that the defendant's chosen course of treatment was medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health); *see also Clouthier v. County of Contra Costa,* 591 F.3d 1232, 1241–42 (9th Cir.2010) (the deliberate indifference standard applies to pretrial detainees because pretrial detain-

ees' Fourteenth Amendment rights are comparable to prisoners' Eighth Amendment rights).

**AFFIRMED.**

Before McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).